IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHNJ INVESTORS, LLC,
            Plaintiff,

    v.                          Civil Action
                                No. 12-1467 (JBS-KMW)

ROBERT T. KOGER, et al.,        **MEMORANDUM OPINION**

            Defendants.

**SIMANDLE, Chief Judge:**

Plaintiff CHNJ Investors filed a motion for default judgment [Docket Item 51] against Defendant Molinaro Koger, Inc., seeking a judgment in the amount of $2,000,000.00 pursuant to Fed. R. Civ. P. 55(b)(1) on the First (Fraud Intentional Misrepresentation and Concealment), Second (Negligent Misrepresentation), Third (Unjust Enrichment), Fourth (Conversion), Sixth (Breach of Contract), Seventh (Malpractice), Eighth (Breach of Duty of Good Faith and Fair Dealing) and Ninth (New Jersey Civil RICO) Counts of the Complaint. For the following reasons, the Court will deny Plaintiff's motion without prejudice and with leave to refile:

1.  This action arises out of a series of transactions in which Defendants Robert T. Koger and Molinaro Koger, Inc., acted

as brokers on Plaintiff's behalf to coordinate the purchase and sale of a loan held by MTGLQ Investors ("MTGLQ"). Robert T. Koger is the President of Molinaro Koger, Inc., and had the power and authority to bind Molinaro Koger, Inc. (1st Am. Compl. ¶¶ 3, 6.) Plaintiff alleges that Robert T. Koger and Molinaro Koger, Inc., made false statements, forged documents, fraudulently induced Plaintiff to enter into certain agreements, and wrongfully kept Plaintiff's deposits and partial payments. The third Defendant, Purcell NJ, LLC ("Purcell"), was formed by Robert T. Koger and he also had the power and authority to bind Purcell. (Id. ¶ 5.)

2. In Plaintiff's First Amended Complaint, "Robert T. Koger and Molinaro Koger are collectively referred to . . . as 'Koger.'" (1st Am. Compl. ¶ 6.) The First Amended Complaint does not allege separate acts or wrongdoing. For example, it states, "Koger held themselves out to the public as trustworthy real estate brokers and held themselves out to the public as holding the best interest of their clients." (1st Am. Compl. ¶ 9.)

3. The Court's Opinion [Docket Item 37] regarding Defendant's motion to dismiss [Docket Item 21] the First Amended Complaint noted that "The First Amended Complaint refers to Robert T. Koger and Molinaro Koger, Inc. collectively as 'Koger'

. . . the Court will also refer to Robert T. Koger and Molinaro Koger, Inc. collectively as 'Koger' because the Court cannot distinguish between the two parties in the allegations in Plaintiff's First Amended Complaint." CHNJ Investors, LLC v. Koger, Civ. 12-1467 (JBS/KMW), 2013 WL 1192400, at *1 n.3 (D.N.J. Mar. 21, 2013).

4. While the motion to dismiss was pending, counsel for Defendants Robert T. Koger and Molinaro Koger, Inc., filed a motion to withdraw [Docket Item 29]. Magistrate Judge Karen M. Williams entered an Order [Docket Item 35] granting the motion and ordering Defendant Molinaro Koger, Inc., to retain new counsel by April 9, 2013. On March 21, 2013, the Court entered an Order that, inter alia, instructed Defendant Molinaro Koger, Inc., to "retain new counsel who shall enter an appearance not later than April 9, 2013 (as this corporation does not have the option of representing itself without counsel) . . . ." [Docket Item 38 at 2.]

5. Molinaro Koger, Inc., never obtained counsel. Robert T. Koger and Plaintiff's counsel, LisaAnne Bicocchi, attended an April 12, 2013 conference before Magistrate Judge Williams. At this conference, Robert T. Koger stated that he would represent himself pro se; he sold his interest in Molinaro Koger, Inc.; he

3

was no longer a principal of Molinaro Koger, Inc.; and he had no power to cause Molinaro Koger, Inc., to retain counsel. (Bicocchi July 22, 2013 Decl. ¶ 14.)

6. Plaintiff filed a motion for entry of default against Defendant Molinaro Koger, Inc., [Docket Item 49], and the Clerk entered default on May 15, 2013. Plaintiff then filed the default judgment motion presently before the Court.

7. Plaintiff's motion for default judgment included declarations from Plaintiff's counsel LisaAnne Bicocchi, dated June 25, 2013, and from Plaintiff's principal Ved Parkash, dated June 17, 2013. The Bicocchi declaration provides a procedural history overview, noting, <u>inter alia</u>, that Plaintiff served process on Defendant Molinaro Koger, Inc. The Parkash declaration refers to Robert T. Koger individually as "Koger" and asserts that "[t]he Loan transaction never closed due to the fraud of Koger, and CHNJ has been defrauded by Koger out of the $2,000,000 that it placed in escrow with Koger." (Parkash June 17, 2013 Decl. ¶ 8.)

8. The Parkash declaration does not describe specific acts of Molinaro Koger, Inc. Parkash states that "CHNJ paid a refundable deposit of $1,000,000.00 that Koger represented to CHNJ was to be held in escrow" and that "[a]n additional

4

$150,000.00 was later loaned to Koger on behalf of CHNJ." (Id. ¶ 3.) "Pursuant to the First Amendment [to the sale agreement] and Koger's false representations to CHNJ, the $1,000,000.00 was released from escrow . . . and CHNJ paid an additional $1,000,000.00 into escrow and $25,000.00 per week for six weeks for extension of the closing date, or a total of $1,150,000.00 in additional money." (Id. ¶ 6.) Parkash attests that "only this $1,150,000.00 was paid over by Koger to MTGLQ." (Id.) "Pursuant to the Second Amendment [to the sale agreement] and Koger's false representations to CHNJ, CHNJ paid Koger $825,000.00 plus $25,000.00 attorney fees . . . ." (Id. ¶ 7.) According to Parkash, the initial escrow amount was $1,150,000.00, the First Amendment escrow was $1,150,000.00, and the Second Amendment escrow was $850,000.00 for a subtotal of $3,150,000.00. Of that amount, $1,150,000.00 was paid over to MTGLQ, and thus the "total due and owing" is $2,000,000.00. (Id. ¶ 10.)

9.   After Plaintiff filed its motion for default judgment, Defendant Robert T. Koger, who is representing himself pro se, filed a motion for contempt of court and sanctions against Bicocchi and Parkash arguing that, in their declarations attached to the default judgment motion, "Bococchi and Prakash

5

[sic] knowingly made false statements to the Court." [Docket Item 52 at 1.]

10. The Court will disregard Robert T. Koger's motion to the extent that it relates to the action against Molinaro Koger, Inc., because Robert T. Koger is not an attorney representing Molinaro Koger. A corporation or other business entity must have an attorney who is a member of the bar of this Court: "[A] corporation can do no act except through its agents and . . . such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control." Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Robert T. Koger may not respond on behalf of Molinaro Koger, Inc.

11. Plaintiff filed a Reply [Docket Item 54], in which it noted that Robert T. Koger "has no standing to object to entry of Default Judgment against the defaulting Defendant Molinaro." (Pl. Reply at 1.) But Plaintiff stated that "Koger's Contempt Motion, however, did bring to the attention of CHNJ and its counsel the fact that due to mathematical error and confusion by CHNJ's counsel . . . the moving Declarations submitted by Ms. Bicocchi and Mr. Parkash in support of CHNJ's Default Judgment Motion were inadvertently inaccurate." (Id. at 2.) Bicocchi and

Parkash submitted new declarations dated July 22, 2013 alleging that "[i]n total, Defendants defrauded CHNJ out of $2,150,000.00 in connection with their scheme to defraud." (Id. at 5.)

12.  In his July 22, 2013 Declaration, Parkash explains how Plaintiff increased its default judgment demand to $2,150,000. He alleges that Plaintiff provided $2,000,000.00 that was deposited with an escrow agent and also provided a $150,000.00 loan to Defendants that was not repaid. (Parkash July 22, 2013 Decl. ¶ 7.) Parkash also attached an itemized disbursement statement from Land Services USA, Inc., the escrow agent for the loan transaction. (Parkash July 22, 2013 Decl. Ex. B.) The disbursement sheet shows that the total funds received by the escrow agent were $2,000,000.00, including $1,000,000.00 from CHNJ Investors LLC and $1,000,000.00 from Molinaro Koger, Inc. (Id.) The funds disbursed section shows payments of $25,000.00 to Ronald Neifield, LLC, for legal fees; $1,025,000.00 to MTGLQ Investors; five payments of $25,000.00 to MTGLQ Investors for extension fees; and $825,000.00 to Purcell Investments LLC as "Refund of Deposit Held in Escrow per Second Amendment to Agreement for Sale and Purchase of Loan." (Id.)

13.  On October 16, 2013, Robert T. Koger sent a letter [Docket Item 62] informing the Court that a petition for

involuntary bankruptcy had been filed against him in the U.S. Bankruptcy Court in the Eastern District of Virginia, case 13-14515. The Court entered an Order [Docket Item 63] administratively terminating the action.

14. On October 21, 2013, the Court received a letter [Docket Item 64] from Plaintiff's counsel suggesting that this action should have been stayed, not administratively terminated, as to Defendant Robert T. Koger only, with no impact on Defendant Molinaro Koger, Inc. Plaintiff noted that the bankruptcy proceedings in the Eastern District of Virginia were against Robert T. Koger only. Plaintiff also asked the Court to grant its Motion for Default Judgment [Docket Item 51] against Defendant Molinaro Koger, Inc.

15. The Court issued an Order [Docket Item 66] vacating its Administrative Termination Order, restoring the case to the active docket, and staying the case only as to the debtor, Defendant Robert T. Koger, pursuant to 11 U.S.C. § 362, which mandates that the filing of a bankruptcy action "operates as a stay . . . of the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1). The Court also restored Plaintiff's motion for default judgment against Molinaro Koger, Inc., to

active status. The Court now turns to its analysis of the default judgment motion.

16. "[T]he entry of a default judgment is left primarily to the discretion of the district court," but the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

17. The first factor, i.e., prejudice to Plaintiff, does not preclude the Court from denying Plaintiff's motion without prejudice. Plaintiff may experience some prejudice from a delay in obtaining a final default judgment, but a final judgment would be more delayed if there were no prospect of default judgment.

18. In terms of the second factor, Defendant Molinaro Koger, Inc., may have a meritorious defense to assert that it was not the culpable party or, even if it was culpable, that it was not responsible for the entire $2,150,000.00. The Court

cannot issue a default judgment against a party when it is unclear whether that party is responsible for the wrongdoing. Moreover, Plaintiff cannot circumvent the bankruptcy proceedings and the mandatory stay as to Robert T. Koger by obtaining a default judgment against Molinaro Koger for monies for which Robert T. Koger is liable.

19. Plaintiff's First Amended Complaint does not distinguish between Robert T. Koger and Molinaro Koger, Inc. The Parkash declaration does not describe specific acts of wrongdoing by Molinaro Koger, Inc. In addition, the disbursement statement from the escrow company shows that $825,000.00 was disbursed to Defendant Purcell; $25,000 was disbursed to Ronald Niefiled, LLC; and $1,150,000.00 was disbursed to MTGLQ Investors. It does not show that any funds were disbursed to Molinaro Koger, Inc. Plaintiff acknowledges that "[i]t is not entirely clear at this point how the money changed hands among the Defendants and/or their attorneys . . . ." (Pl. Reply at 14.) The Court cannot enter a default judgment for $2,150,000.00 against Molinaro Koger, Inc., when the record does not indicate whether and how Molinaro Koger, Inc., was specifically responsible for Plaintiff's losses.

20.  In terms of the third factor, default would be the product of Molinaro Koger, Inc.'s failure to obtain new counsel despite ample notice and opportunity. The deadline for Molinaro Koger, Inc., to obtain new counsel was April 9, 2013. The Clerk's office entered default against Defendant Molinaro Koger, Inc., on May 15, 2013. Since that time, Defendant Molinaro Koger, Inc., has not entered an appearance. Nor has Molinaro Koger, Inc., responded to the default judgment motion. If the record supported factual findings as to Molinaro Koger Inc.'s liability, then default judgment would be appropriate.

21.  The Court will, therefore, deny Plaintiff's motion for default judgment against Defendant Molinaro Koger, Inc., without prejudice. Plaintiff has leave to refile its motion within 14 days, along with documentation showing Molinaro Koger Inc.'s liability specifically. The accompanying Order is entered.

**November 25, 2013**         **s/Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       Chief U.S. District Judge