IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHNJ INVESTORS, LLC,
             Plaintiff,

       v.                              Civil Action
                                       No. 12-1467 (JBS-KMW)

ROBERT T. KOGER, et al.,               **ORDER**

             Defendants.

   Plaintiff CHNJ Investors filed a motion for default judgment [Docket Item 69] against Defendant Molinaro Koger, Inc., seeking a judgment in the amount of $2,150,000.00 pursuant to Fed. R. Civ. P. 55 on the First (Fraud Intentional Misrepresentation and Concealment), Second (Negligent Misrepresentation), Third (Unjust Enrichment), Fourth (Conversion), Sixth (Breach of Contract), Seventh (Malpractice), Eighth (Breach of Duty of Good Faith and Fair Dealing) and Ninth (New Jersey Civil RICO) Counts of the Complaint. The Court issued an Opinion and Order [Docket Items 67 & 68] denying Plaintiff's first motion for default judgment [Docket Item 51] because Plaintiff had not specified how Molinaro Koger, Inc., was specifically liable. Plaintiff's second motion shows Molinaro Koger, Inc.'s liability, and it will be granted.

   Plaintiff filed a motion for entry of default against Defendant Molinaro Koger, Inc., [Docket Item 49], and the Clerk entered default on May 15, 2013. Plaintiff's counsel attached a declaration [Docket

Item 69-1] noting, inter alia, that Plaintiff served process on Defendant Molinaro Koger, Inc.

While the motion to dismiss [Docket Item 21] was pending, counsel for Defendants Robert T. Koger and Molinaro Koger, Inc., filed a motion to withdraw [Docket Item 29]. Magistrate Judge Karen M. Williams entered an Order [Docket Item 35] granting the motion and ordering Defendant Molinaro Koger, Inc., to retain new counsel by April 9, 2013. On March 21, 2013, the Court entered an Order that, inter alia, instructed Defendant Molinaro Koger, Inc., to "retain new counsel who shall enter an appearance not later than April 9, 2013 (as this corporation does not have the option of representing itself without counsel) . . . ." [Docket Item 38 at 2.]

Molinaro Koger, Inc., never obtained counsel. Robert T. Koger and Plaintiff's counsel, LisaAnne Bicocchi, attended an April 12, 2013 conference before Magistrate Judge Williams. At this conference, Robert T. Koger stated that he would represent himself pro se; he sold his interest in Molinaro Koger, Inc.; he was no longer a principal of Molinaro Koger, Inc.; and he had no power to cause Molinaro Koger, Inc., to retain counsel. (Bicocchi July 22, 2013 Decl. ¶ 14.) A corporation or other business entity must have an attorney who is a member of the bar of this Court: "[A] corporation can do no act except through its agents and . . . such agents representing the corporation in Court must be attorneys at law who

have been admitted to practice, are officers of the Court and subject to its control." Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966).

Default judgment may be granted when a party fails to plead or otherwise defend. Fed. R. Civ. P. 55. The deadline for Molinaro Koger, Inc., to obtain new counsel was April 9, 2013. The Clerk's office entered default against Defendant Molinaro Koger, Inc., on May 15, 2013. Since that time, Defendant Molinaro Koger, Inc., has not entered an appearance and has not responded to either of Plaintiff's default judgment motions. Molinaro Koger, Inc., failed to obtain new counsel despite ample notice and opportunity and, thus, it has failed to defend itself.

Plaintiff's motion for default includes a declaration from Ved Parkash, Plaintiff's principal, showing Molinaro Koger, Inc.'s liability. Molinaro Koger, Inc., acted as Plaintiff's broker to coordinate the purchase and sale of a loan. (Parkash Decl. § 15.) Defendant Robert T. Koger was Molinaro Koger, Inc.'s president, he acted on behalf of Molinaro Koger, Inc., and he had the power and authority to bind Molinaro Koger, Inc. (Id. ¶¶ 3-4.) Plaintiff alleges that Robert T. Koger, acting on behalf of Molinaro Koger, Inc., made false statements, forged documents, fraudulently induced Plaintiff to enter into certain agreements, and wrongfully kept Plaintiff's deposits and partial payments. Molinaro Koger, Inc.,

through the actions of its President Robert T. Koger, defrauded Plaintiff out of $2,150,00.00: CHNJ loaned Molinaro Koger, Inc., $150,000.00 in reliance on Robert T. Koger's promises that the loan would be repaid, (Parkash Decl. ¶ 33); CHNJ also made two refundable deposits of $1,000,000.00 each into an escrow account, (Id. ¶¶ 36-46). CHNJ authorized the deposits to be released from escrow in reliance on Molinaro Koger, Inc.'s representations that the loan transaction would be completed, but Molinaro Koger, Inc., never intended to consummate the transaction. (Id. ¶¶ 47-53.) CHNJ's deposits were never refunded.

Plaintiff provided documents supporting these facts. Plaintiff has thus shown that Molinaro Koger, Inc., is liable for Plaintiff's losses of $2,150,000.00 and the Court will enter default judgment for that amount.

IT IS this **21st** day of **January**, **2014** hereby

ORDERED that default judgment shall be entered for Plaintiff CHNJ Investors, LLC, and against Defendant Molinaro Koger, Inc., in the amount of $2,150,000.00.

                                       **s/ Jerome B. Simandle**
                                       JEROME B. SIMANDLE
                                       Chief U.S. District Judge