**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| CHNJ INVESTORS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ROGER KOGER, et al.,<br><br>          Defendants. | Civil No. 12-1467 (RMB/KMW)<br><br>**OPINION** |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court on Defendant Roger Koger's Motion to Dismiss [Docket No. 158] and Motion for Reconsideration [Docket No. 162]. For the reasons expressed below, the Court will deny both of Mr. Koger's motions. Because this Memorandum Opinion is written primarily for the parties, the Court will not recount the factual background here. Instead, it will incorporate the factual background provided in its September 25, 2019 Opinion ("the Opinion"). [Docket No. 150, at 1-13.]

## I.   MOTION TO DISMISS

In his Motion to Dismiss, Mr. Koger claims that "[t]he entire basis of [Plaintiff] CHNJ [Investors, LLC's] complaint is that a document entitled 'Term Sheet' dated November 12, 2010 . . . establishes a broker-client relationship under New Jersey

real estate law." [Docket No. 158, at 2.] CHNJ alleges that

Koger breached the fiduciary duty that he owed CHNJ under that

document, which CHNJ refers to as a "Retainer." [Id.] Mr. Koger

argues that CHNJ has no standing because "there is no connection

between CHNJ or its principals to any entity named in the

document, specifically SP NY, LLC." [Id.]

The United States Supreme Court has held that "[t]o survive

a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

570 (2007)).

In short, this Court is required by Supreme Court precedent

to accept the factual allegations made in CHNJ's Complaint. Mr.

Koger's Motion to Dismiss relies solely on his assertions that

the factual allegations in the Complaint are untrue. That

argument is insufficient at this stage. The Court will therefore

deny Mr. Koger's Motion to Dismiss.

## II.  MOTION FOR RECONSIDERATION

Mr. Koger also requests that the Court vacate its September

25, 2019 Opinion [Docket No. 150] and Order [Docket No. 151]

granting summary judgment in favor of CHNJ with respect to Count

Three, CHNJ's unjust enrichment claim. He argues that this is

appropriate under Rule 54(b), which states in relevant part that

"any order or other decision, however designated, that

adjudicates fewer than all the claims . . . may be revised at

any time before the entry of judgment adjudicating all of the

claims and all of the parties' rights and liabilities." FED. R.

CIV. P. 54(b).

Although Mr. Koger did not file his Motion for

Reconsideration pursuant to Rule 59(e) because the 28-day

deadline had already passed, the Court will nonetheless analyze

the Motion under that rule. See Foster v. Westchester Fire Ins.

Co., Civil Case No. 09-1459, 2012 WL 2402895, at *4 n.1 (W.D.

Pa. June 26, 2012). As the Western District of Pennsylvania

noted, "[t]here is considerable confusion about which rule of

civil procedure provides the basis for motions for

reconsideration, but courts 'tend to grant motions for

reconsideration sparingly and only upon the grounds

traditionally available under FED. R. CIV. P. 59(e).'" Id.

(quoting A&H Sportswear Co. v. Victoria's Secret Stores, Inc.,

No. Civ.A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1,

2001)). "[T]he law of the case doctrine guides courts to

exercise their discretion with a light hand, even with respect

to interlocutory orders, and only to grant motions for

reconsideration in 'extraordinary circumstances.'" Id. (quoting

In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432,

438-39 (3d Cir. 2009)). Therefore, like the Court in Foster,

this Court will consider Mr. Koger's "motion for reconsideration under the general principles of Rule 59(e), which provides for motions to alter and amend final judgments, even though it was brought under rule 54(b)." See id.

Rule 59(e) provides courts the opportunity "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). There are three grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing (N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Mr. Koger ostensibly relies on the second and third grounds for his Motion. He alleges that the Court's previous decision "was gained through fraud and should therefore be vacated." [Docket No. 162, at 3.] He argues that the Court "would not have granted summary judgment without statements from CHNJ that 'CHNJ provided a [$150,000] loan to Koger,'" which Mr. Koger claims he is now able to disprove because of evidence that was not available to him prior to the Court's decision. [See id.] Specifically, Mr. Koger claims that his bank records show that he never received the alleged $150,000 loan from CHNJ. [Id. at

4

3-4.] Mr. Koger claims that this means that Ved Parkash, who made the statements in question about the $150,000 loan, "perpetrat[ed] a fraud upon the court." [Id. at 4.] Furthermore, Mr. Koger argues that CHNJ's "pleadings are factually wrong and for a judgment to be imposed on Koger in light of these misrepresentations would constitute a manifest injustice." [Id.]

The Court is unconvinced by Mr. Koger's arguments. First, Mr. Koger's claim of "new evidence" in the form of his bank statements is insufficient to prove what he is now claiming. The mere fact that Mr. Koger's bank statements do not reflect a $150,000 loan does not override CHNJ's evidence as discussed in the Opinion. Furthermore, even accepting arguendo that Mr. Koger's evidence did in fact show that the $150,000 loan did not exist, such new evidence would not change the Court's analysis in the Opinion. The Court relied extensively on other factual considerations in rendering the Opinion. The $150,000 loan was seldom mentioned and in no way offered the sole basis for the Court's decision. Therefore, this new argument, even if accepted as true, does not meet the motion for reconsideration standard outlined above. As a result, the Court will deny Mr. Koger's Motion for Reconsideration.

## III. CONCLUSION

For the reasons stated above, the Court will deny Mr. Koger's Motion to Dismiss [Docket No. 158] and Motion for

5

Reconsideration [Docket No. 162]. An accompanying Order shall

issue.


April 14, 2020          Renée Marie Bumb
Date                    RENÉE MARIE BUMB
                        United States District Judge